Edward G. Poplawski, SBN 113590
epoplawski@sidley.com
Paul D. Tripodi II, SBN 162380
ptripodi@sidley.com
Geoffrey R. Beatty, SBN 268461
gbeatty@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for IGT

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven, SBN 170151
charlesverhoeven@quinnemanuel.com
Jennifer A. Kash, SBN 203679
jenniferkash@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Rory S. Miller, SBN 238780
rorymiller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants
Aristocrat Technologies, Inc. and
Aristocrat Leisure Ltd. (Additional
Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IGT,<br><br>            Plaintiff,<br><br>vs.<br><br>Aristocrat Technologies, et al.,<br><br>            Defendants. | ) CASE NO. SACV 10-1748 JVS<br>) (MLGx)<br>)<br>)<br>) [PROPOSED] STIPULATED<br>) PROTECTIVE ORDER<br>) GOVERNING CONFIDENTIALITY<br>)<br>)<br>)<br>)<br>) |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff IGT and Defendants Aristocrat Technologies, Inc. and Aristocrat Leisure Limited (collectively, "Aristocrat") jointly submit this Stipulated Protective Order Governing Confidentiality ("Protective Order") to govern the parties' handling of materials and information produced or received in connection with the above-captioned action.

WHEREAS, the parties each believe that certain information that may be produced or received by the parties in connection with this action constitutes a trade secret or other confidential research, development, or commercial information;

WHEREAS, each of the parties believes that disclosure and use of confidential information should be limited and that confidential information shall not be used for any purpose other than this action;

WHEREAS, each of the parties believes that it will serve its interests and the interests of justice to conduct discovery and proceedings herein under a protective order pursuant to FED. R. CIV. P. 26(c);

WHEREAS, each of the parties has made a showing that "good cause" exists to believe that public disclosure and/or unfettered disclosure of confidential information to other parties will result in prejudice or competitive harm;

WHEREAS, the parties to this action have stipulated to provide access to and accept such confidential information subject to certain protective provisions hereinafter set forth.

IT IS HEREBY STIPULATED AND AGREED by and between the parties that this Protective Order shall govern confidential information produced or received in connection with this action, pursuant to FED. R. CIV. P. 26(c), as follows:

## **DEFINITIONS**

1. For purposes of this Protective Order, "this Action" shall mean the above-captioned action.

2.     For purposes of this Protective Order, "Produced Material" shall mean all materials (including papers, documents, tapes, disks, diskettes, e-mails, and other tangible things) produced by a party or non-party in connection with this Action, and all materials containing information from materials produced by a party or non-party in connection with this Action.

3.     For purposes of this Protective Order, "Producing Party" shall mean the party or non-party producing Produced Material.

4.     For purposes of this Protective Order, CONFIDENTIAL INFORMATION is information that the Producing Party believes in good faith to be (i) non-public and (ii) that includes, comprises, embodies, or summarizes trade secrets or other confidential research, development, or commercial information pursuant to FED. R. CIV. P. 26(c)(1)(G), including information that a party is required, by agreement or court order, to treat as Confidential Information. CONFIDENTIAL INFORMATION may include, but is not limited to:

(a)     Financial, marketing, and sales data of the Producing Party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

(b)     Corporate and strategic planning by the Producing Party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

(c)     Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors of the Producing Party;

(d)     Technical data, research and development data, and any other confidential commercial information, including but not limited to trade secrets of the Producing Party;

(e)    Information used by the Producing Party in or pertaining to its trade or business, which information the Producing Party believes in good faith has competitive value, which is not generally known to others and which the Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence;

(f)    Information which the Producing Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States, Nevada, and/or California;

(g)    Information which the Producing Party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical, or other confidential information; and

(h)    All reports, results, conclusions, opinions, findings or other data or material promulgated by a stipulated third-party consultant and/or court appointed expert or technical advisor (hereinafter collectively referred to as "Third-Party Consultant").

5.    For purposes of this Protective Order, "Receiving Party" shall mean the party requesting and receiving Produced Material.

6.    For purposes of this Protective Order, "Disclose" or "Disclosed" shall include showing, furnishing, describing, revealing (indirectly or directly) or providing, by oral, written or electronic communication, any portion of the Produced Material, including originals and copies of such Produced Material.

7.    For purposes of this Protective Order, HIGHLY CONFIDENTIAL INFORMATION is CONFIDENTIAL INFORMATION which, if Disclosed to the Receiving Party, might cause competitive harm to the Producing Party and/or might provide a competitive advantage to others.  HIGHLY CONFIDENTIAL INFORMATION may include, but is not limited to, information of the type set forth in Paragraph 4(a)-4(h).

8. For purposes of this Protective Order, "Restricted Information" shall mean any information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL SOURCE CODE.

9. For purposes of this Protective order, CONFIDENTIAL SOURCE CODE shall mean CONFIDENTIAL INFORMATION comprising computer instructions and data definitions of a hardware description language or software programming language expressed in a form suitable for input to an assembler, compiler, synthesizer, or other translator or data processing module. CONFIDENTIAL SOURCE CODE may include documents or other things that contain a party's confidential source code. Other documents or things that include confidential, proprietary, and/or trade secret source code or object code may be designated CONFIDENTIAL SOURCE CODE only if confidential, proprietary, and/or trade secret source code or object cannot reasonably be segregated from the document or thing. Under no circumstances shall code that has been made publicly available or distributed under an "open source license" be designated CONFIDENTIAL SOURCE CODE.

10. For purposes of this Protective Order, "this Action" shall mean Civil Action SACV 10-1748 JVS (MLGx) and any and all appeals and retrials relating thereto.

## APPLICATION OF THIS PROTECTIVE ORDER

11. This Protective Order shall apply to all Produced Material containing Restricted Information regardless of whether such Produced Material is filed with the Court, including without limitation:

    (a) Testimony adduced at depositions upon oral examination and transcripts thereof pursuant to FED. R. CIV. P. 30;

    (b) Testimony upon written questions pursuant to FED. R. CIV. P. 31;

    (c) Answers to interrogatories pursuant to FED. R. CIV. P. 33;

    (d) Documents and things produced pursuant to FED. R. CIV. P. 34;

(e) Information obtained from inspection of premises or things pursuant to FED. R. CIV. P. 34;

(f) Answers to requests for admission pursuant to FED. R. CIV. P. 35;

(g) Documents, things, testimony or transcripts thereof obtained from non-parties pursuant to FED. R. CIV. P. 45; and

(h) Statements of counsel and documents incorporating such statements.

12. Nothing in this Protective Order shall limit any party producing the Produced Material (hereinafter "Producing Party") from use of its own documents and information nor shall it prevent the Producing Party from Disclosing its own Restricted Information or documents to any person. Such Disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the Disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

## NON-PARTY'S DISCLOSURE PURSUANT TO TERMS OF PROTECTIVE ORDER

13. If any non-party shall be called upon, by subpoena or otherwise, to Disclose Restricted Information in this Action, that non-party may elect to make a Disclosure of such information pursuant to the terms of this Protective Order by notifying counsel for all parties in writing or on the record at a deposition or hearing. Upon such notice, a non-party may designate Restricted Information in accordance with this Protective Order.

14. Once designated, any non-party's Restricted Information shall be treated in accordance with this Protective Order.

15. Unless otherwise agreed in writing, this Court shall have jurisdiction to entertain and decide any application brought to enforce or interpret the provisions of this Protective Order with respect to the information of any such non-party.

16.     A party serving a subpoena in connection with this Action shall endeavor to provide the non-party under subpoena with a copy of this Protective Order.

## GENERAL PROVISIONS RELATING TO CONFIDENTIAL INFORMATION

17.     A party or non-party may designate Produced Material as containing Restricted Information in accordance with this Protective Order.

18.     Restricted Information, designated in accordance with this Protective Order shall not be Disclosed or made available except as specified in this Protective Order.

19.     All copies of Restricted Information and all extracts, abstracts, charts, summaries, and notes made therefrom shall be treated according to its designation under the terms of this Protective Order.

20.     No party or person shall Disclose Restricted Information to any other party or person not entitled to receive such Restricted Information under the terms of this Protective Order.

21.     The fact that an item or category is listed as an example in this or other sections of this Protective Order does not, by itself, render the item or category discoverable.

## PROTECTION AND DISCLOSURE OF RESTRICTED INFORMATION

22.     Restricted Information may be used and Disclosed only in accordance with this Protective Order and only for purposes of this Action.  Accordingly, Restricted Information in accordance with this Protective Order shall not be copied, distributed, summarized, excerpted or otherwise reproduced except for the limited purpose of this Action, including, for example, preparing exhibits for affidavits, depositions, hearings, or trial, or preparing other court filings and work product.

23.     Unless otherwise ordered by the Court or agreed to in writing by the parties, Restricted Information shall not be used for any business purpose and shall be used solely for conducting this Action.

24.     No party or person shall make any unauthorized use of any Restricted Information of another party, including, but not limited to, use for commercial or competitive purposes.

25.     Restricted Information received pursuant to this Protective Order shall be (1) maintained in a manner reasonably calculated to maintain its confidentiality and to serve the purposes of this Protective Order, and (2) maintained at a location and under circumstances that ensure that access is limited to those persons permitted to have access under this Protective Order.

26.     Each individual who receives Restricted Information pursuant to this Protective Order shall be deemed to have consented to the personal jurisdiction of this Court for the purpose of enforcement of this Protective Order.

## DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

27.     Disclosure of CONFIDENTIAL INFORMATION and materials containing or reflecting CONFIDENTIAL INFORMATION shall be limited to the following:

    (a)     Independent outside experts or consultants (and personnel acting under their direct or indirect supervision) advising and consulting in connection with this Action ("Technical Advisors"); provided, however, that:

        i.     Such Technical Advisor shall be provided with a copy of this Protective Order;

        ii.     At least ten (10) business days before the first Disclosure to such Technical Advisor said Technical Advisor or counsel shall transmit to the Producing Party: (1) an executed copy

of the "Agreement to be Bound by Protective Order" in Appendix A (hereinafter "Agreement to be Bound"), (2) his or her full name and the city and state of his or her primary residence, (3) a current curriculum vitae, (4) an identification of his or her current employer(s), (5) a list identifying each person or entity for whom the Technical Advisor has been employed during the preceding five years, and (6) a list identifying (by name of the case) any litigation in connection with which the Technical Advisor has provided any professional services during the preceding five years;

iii. The Producing Party shall have 5 business days after receipt of the signed "Agreement to be Bound" to deliver any objection to the Disclosure of CONFIDENTIAL INFORMATION by specifically stating in writing the grounds therefor;

iv. If an objection is made, no Disclosure shall be made until the matter is resolved by agreement of the parties or by order of the Court;

v. In the event that an objection is raised, the parties shall meet and confer in good faith within 5 business days following receipt of the written objection;

vi. In the event that the parties are unable to reach agreement concerning resolution of the objection, the objecting party must, within 5 business days of the conclusion of any meet and confer, make an application to the Court seeking to enforce its objection;

vii. In the absence of such a timely application to the Court, the objection shall be deemed waived and disclosure of CONFIDENTIAL INFORMATION may be made to the Technical Advisor upon further written notice to the objecting party.

(b) Outside counsel and personnel of outside counsel in this Action, including specifically the firms set forth below:

i. Sidley Austin LLP;

ii. Quinn Emanuel Urquhart & Sullivan LLP.

(c) Client representatives listed on Appendix B hereto, provided that each client representative has signed the "Agreement to be Bound" . The parties may, from time to time, propose revisions to Appendix B.  Before the disclosure of any CONFIDENTIAL INFORMATION to any proposed replacement designee, the parties shall provide notice setting forth the identity, position and short statement of the responsibilities of the designee, including responsibilities (if any) with respect to patent prosecution.  The Producing Party shall have 5 business days after receipt of the notice to deliver any objection to the disclosure of CONFIDENTIAL INFORMATION by specifically stating in writing the grounds therefor.  If an objection is made, no Disclosure shall be made until the matter is resolved by agreement of the parties or by order of the Court.  In the event that an objection is raised, the parties shall meet and confer in good faith within 5 business days following receipt of the written objection.  In the event that the parties are unable to reach agreement concerning resolution of the objection, the objecting party must, within 5 business days of the conclusion of any meet

and confer, make an application to the Court seeking to enforce its objection.  In the absence of such a timely application, the objection shall be deemed waived and Disclosure of CONFIDENTIAL INFORMATION may be made to the proposed designee upon further written notice to the objecting party.

(d)     The Court, persons employed by the Court, jurors or potential jurors, and stenographers or videographers transcribing or recording the testimony or argument at hearing, trial or deposition in this Action or any appeal therefrom.

(e)     Independent litigation support vendors, such as legal interpreters, document reproduction services, computer imaging services, and demonstrative exhibit services, provided that such entities agree to or understand the confidentiality obligations respecting the CONFIDENTIAL INFORMATION.

(f)     Mock jurors and focus group members, provided that such persons shall execute the "Consent Form for Mock Jurors and Focus Group Members" attached as Appendix C, which is to be maintained by counsel.  No documents or things embodying or reflecting CONFIDENTIAL INFORMATION of another party shall be retained by any mock juror or focus group member.

(g)     Individuals who are an author or recipient of the CONFIDENTIAL INFORMATION or are otherwise shown to have authored or received the CONFIDENTIAL INFORMATION, provided that the Disclosure to such individuals shall be limited to the CONFIDENTIAL INFORMATION authored or received.

(h)  Any other persons to whom the parties agree in writing, including persons to whom Disclosure is agreed upon by the parties in any amendments to this Protective Order (appropriately limited in time and/or scope) for the purposes of facilitating settlement discussions.

(i)  A Third-Party Consultant, provided the Third-Party Consultant agrees to or understands the confidentiality obligations respecting the CONFIDENTIAL INFORMATION.

28.  Any person who actually receives or reviews HIGHLY CONFIDENTIAL INFORMATION and/or CONFIDENTIAL SOURCE CODE from the time of entry of this Order shall not for a party, or a corporate parent, subsidiary, affiliate or sibling corporation of a party, during pendency of this Action and for one year after exhaustion of all appeals thereof, engage in Prosecution Activity of:

(a)  an actual or potential continuation, continuation-in-part, or divisional application of the patents asserted in this Action, or any foreign counterpart thereof;

(b)  an application that claims an electronic gaming machine platform[1] (or a substantial portion thereof) or system software used to encrypt, decrypt, authenticate, or verify source code in an electronic gaming machine;

---

[1] As used herein, an electronic gaming machine platform includes information regarding electronic components, such as microprocessors, motherboards, microprocessors, memory cards, system and software components, such as basic input/output systems, operating systems, and system software used to encrypt, decrypt, authenticate, or verify source code. Information regarding gaming platforms does not include game content.

(c)     Prosecution Activity shall mean: (1) preparation of any patent application (or portion thereof), whether design or utility, and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights; (2) preparation of patent claim(s) on behalf of a patentee or assignee of patentee's rights; (3) directly or indirectly participating in the amendment of any claim in any reissue or reexamination proceedings on behalf of the patentee or assignee of the patentee's rights, or (4) providing advice, counsel or suggestions regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) on behalf of a patentee or assignee of patentee's rights.

(d)     Prosecution Activity does <u>not</u> include participating in a reexamination proceeding provided that: (1) such reexamination proceeding is initiated by a party other than the patentee, the assignee of the patent, an agent of the patentee, or assignee of the patent; and (2) such reexamination proceeding regards a patent asserted in this Action, or regards a patent related by way of priority to a patent asserted in this Action.

(e)     Nothing in this paragraph shall prevent any attorney from sending Prior Art or other non-confidential litigation material to an attorney involved in patent prosecution for purposes of ensuring that such information is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor, unless such materials are Restricted Information.

29.     Executed copies of the "Agreement to be Bound by Protective Order" shall be maintained by counsel for the parties.

30.     Disclosure of <u>HIGHLY</u> CONFIDENTIAL INFORMATION in accordance with this Protective Order and any Disclosed Materials containing or reflecting <u>HIGHLY</u> CONFIDENTIAL INFORMATION shall be limited to the individuals and entities in paragraphs 27(a), 27(b), and 27(d)-27(i), and under the same requirements and constraints described in paragraphs 27(a), 27(b), and 27(d)-27(i). **ABSENT THE EXPRESS WRITTEN CONSENT OF THE PRODUCING PARTY, NO DISCLOSURE OF <u>HIGHLY</u> CONFIDENTIAL INFORMATION SHALL BE MADE TO THE PARTY REPRESENTATIVES IDENTIFIED IN PARAGRAPH 27(c).**

31.     Before CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION may be Disclosed to any person not identified in paragraph 27 of this Protective Order, the consent of the Producing Party must be obtained.  The party seeking to Disclose such CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION must provide written notification to the Producing Party of the identity of the person, including his or her business or government affiliation, who will be shown such material, after which the Producing Party shall have five (5) business days to object to the Disclosure in writing.  In the case of an objection, the party seeking to Disclose CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION may apply for an order from the Court compelling Disclosure.  If the Producing Party consents to the Disclosure or fails to object within five (5) days after receipt of written notice of the intended Disclosure, counsel for the party intending to Disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall furnish a copy of this Protective Order to the person being given access, and the person being given access shall execute a copy of the "Agreement to be Bound".

## MANNER OF DISCLOSURE OF CONFIDENTIAL SOURCE CODE

32.     Documents or things designated as CONFIDENTIAL SOURCE CODE will be made available for review at a single secure site at the Producing Party's discretion, either (i) at the Producing Party's counsel's office, or (ii) at another single secure site selected by the Producing Party.

33.     All source code will be made available by the Producing Party to the Receiving Party's outside counsel and/or Technical Advisors in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").  The Producing Party shall be obligated to install such reasonable tools or programs necessary to review and search the code produced on the platform produced.  For example, prior to the date of the inspection, the source code files should be indexed using a search tool available to the Receiving Party and a text editor capable of performing syntax highlighting should be installed on the Source Code Computer.

34.     The Receiving Party's outside counsel and/or Technical Advisors shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected.  Furthermore, no other written or electronic record of the source code is permitted except as otherwise provided herein.

35.     During inspection of the code, the Receiving Party may compile a list of source code files to be produced.  The Receiving Party will only identify such files as are reasonably necessary to facilitate the Receiving Party's preparation of the case, including (1) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (2) to prepare internal attorney work product materials, or (3) to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related

drafts and correspondences.  In no event may the Receiving Party identify more than those files necessary to analyze this issues in this case during the duration of the case without prior written approval by the Producing Party.  Upon identification of such files by the Receiving Party, the Producing Party shall Bates number, print, and label such files with the designation CONFIDENTIAL SOURCE CODE.  If the Producing Party objects that identified files are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the Receiving Party within five (5) business days of the identification of any files by the Receiving Party.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a judicial resolution of whether or not the CONFIDENTIAL SOURCE CODE in question is reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one printed copy of the identified files to the Receiving Party within five (5) business days of the identification of such files by the Receiving Party or, if applicable, resolution of a dispute by the Court.  The printed pages shall constitute part of the source code produced by the Producing Party in this Action.

36.     Any single reviewing session (conducted during one business day or during consecutive business days of review) may only be conducted during regular business hours (9:00 A.M. to 5:00 P.M. local time) on three (3) business days written (including email) notice during the period prior to completion of fact discovery in this Action, or other hours as mutually and reasonably agreed upon on reasonable notice.  A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with the written notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and note on the log when these persons enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to receive a copy of the

log.  Except for observing entrances and exits from the source code viewing room, the producing party shall not otherwise videotape or monitor review of source code by the receiving party.

37.     Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel, and/or Technical Advisors shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

38.     The Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The Receiving Party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

39.     Produced Material designated as containing CONFIDENTIAL SOURCE CODE may only be viewed by or Disclosed to those described in paragraphs 27(a) and 27(b) of the Protective Order.  A party desiring to Disclose CONFIDENTIAL SOURCE CODE to a Technical Adviser shall comply with the procedures described in paragraphs 27(a).  ABSENT THE EXPRESS WRITTEN CONSENT OF THE PRODUCING, NO DISCLOSURE OF CONFIDENTIAL SOURCE CODE SHALL BE MADE TO THE PARTY REPRESENTATIVES IDENTIFIED IN PARAGRAPH 27(c).

40.     The outside counsel and Technical Advisers (who have been approved to access source code under paragraphs 27(a) and 27(b) of the Protective Order) for a Receiving Party shall maintain and store any paper copies of the source code or notes related to such source code at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation,

storing the source code or notes in a locked room or cabinet at all times when those materials are not in use.

41. The Receiving Party's outside counsel of record may make no more than five additional paper copies of any portions of the source code files not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a Producing Party) that are provided by the Receiving Party to any qualified person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any paper copies of source code shall be designated CONFIDENTIAL SOURCE CODE – and shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of Technical Advisors who have been approved to access source code under paragraphs 27(a) and 27(b) of the Protective Order, (iii) the site where any deposition is taken, (iv) the Court, or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition. Any such paper copies shall be maintained at all times in a locked and secure location. The producing party shall not unreasonably deny a Receiving Party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with the Protective Order. The Producing Party shall be entitled to a copy of the log upon request, and at the conclusion of the Action.

42. The Receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used, such excerpts not to exceed 40 lines in length. If the Receiving party believes it is necessary that such excerpt exceed 40 lines in length, the parties shall negotiate in good faith to determine what length of source code is reasonably necessary for the purposes for which the source code is used.

43.     All Source Code Documents shall be designated HIGHLY CONFIDENTIAL and filed under seal as described in the Protective Order.

44.     All paper copies of source code shall be securely destroyed if they are no longer necessary in this Action (*e.g.*, extra copies at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

45.     The Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

46.     Provided that written notice is given by the Receiving Party at least ten (10) days prior to a deposition, the Producing Party will make available at the deposition two Source Code Computers for use during the deposition.  The Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computers including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  Nor will the Receiving Party transmit any source code in any way from the location where the deposition is held.

## MANNER OF DESIGNATING MATERIALS

47.     A Producing Party may designate Produced Material as containing Restricted Information if the Producing Party has a good faith belief that such Produced Material contains Restricted Information.

48.     For documents and things, confidentiality designations shall be made prior to delivery of Produced Materials to the Receiving Party.  If the Producing Party elects to provide such Produced Materials for inspection, for example pursuant to FED. R. CIV. P. 34(b), no designation need be made before the inspection.  For the purposes of the inspection, all documents and things shall be considered HIGHLY CONFIDENTIAL INFORMATION, unless and until the Producing Party indicates otherwise.  Upon request for copying, the Producing Party may designate such documents and things with a confidentiality marking substantially as follows on each page of any document or by placing a label or tag on the thing or container therefore or, if otherwise impracticable, as agreed between the parties:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**
**Case No. SACV 10-1748 JVS (MLGx)**

**or**

**ATTORNEYS EYES ONLY**
**HIGHLY CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**
**Case No. SACV 10-1748 JVS (MLGx)**

49.     For deposition testimony, the entire deposition transcript or any portion thereof may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION during or at the conclusion of the deposition.  Where the entire deposition has been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION at the deposition, the Producing Party *should*, within 10 business days of receipt of the transcript, provide confidentiality designations by page and line number.  If, after ten (10) business days of receipt of the transcript, the Producing Party has not provided confidentiality designations by page and line number, the Receiving Party may request such designation in writing.  The Producing Party shall have ten (10) business days from receipt of the written request to provide the confidentiality designations by page and line number.  For written disclosures such as responses to interrogatories, responses to requests for admission, responses to

other discovery requests, correspondence, affidavits, declarations, briefs, memoranda or other such disclosures or papers filed with the Court, confidentiality designations shall be made at the time of disclosure and in accordance with this Protective Order and the rules of this Court, *preferably by designation in the specific portion of any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION and also on the face or cover page of any such document.* The party making the disclosure shall, in addition, appropriately designate such material by identifying, on a page-by-page basis if needed, the party whose materials are referenced. For example, the party preparing such written material may add ("CONFIDENTIAL INFORMATION of IGT") or "CONFIDENTIAL INFORMATION of Aristocrat") to the legend set forth above for documents and things.

50. A party may designate Produced Materials as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by designating a document repository or other location which only contains Produced Materials designated as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

51. For verbal disclosures other than by deposition, confidentiality designations shall be made by indication at the time of disclosure and preferably through confirmation in writing within 5 business days of the disclosure.

52. The provisions of this Protective Order shall apply to any Restricted Information designated as such by any party to this Protective Order before entry of this Protective Order.

53. The designation by Counsel for the Producing Party of any Produced Material as Restricted Information is intended solely to facilitate the preparation and trial of this case, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or confidential

information.  Failure to so designate any document or thing shall not constitute a waiver of any party's claim in this or outside of this Action that such documents or things contain trade secrets, proprietary information, or otherwise confidential information.  Except as provided in this Protective Order, no party to this Action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

## DESIGNATION OF INFORMATION PROVIDED BY THIRD PARTIES

54.     A party shall be permitted to designate Produced Material produced by a non-party as containing  Restricted Information, where:

(a)     The Produced Material being produced was provided to or developed by such non-party under a written confidentiality agreement with or within a relationship with the Producing Party (or a party operating under the control of the Producing Party) in which confidentiality may be imposed by law (including, but not limited, to an employment relationship); and

(b)     The Produced Material would be considered to contain Restricted Information of the Producing Party if it were in the possession of the Producing Party.

## INADVERTENT PRODUCTION, MISDESIGNATION, AND INADVERTENT DISCLOSURE

55.     The following section shall constitute the parties' agreements concerning production of information in this Action that is subject to a claim of privilege or of protection as trial-preparation material ("Protected Information"):

(a)     Nothing in this Protective Order herein shall modify any parties' responsibilities or treatment of Protected Information as described in FED. R. CIV. P. 26(b)(5)(B);

22

(b) If Protected Information is produced in this Action, the fact or circumstances of such production shall in no way be relied upon as a ground to support any argument that the Protected Information is no longer subject to the privilege or immunity. Nor shall such production prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the designating Party or other person otherwise would be entitled.

(c) If the Receiving Party is notified by the Producing Party that it has received Protected Information, the Receiving Party may challenge the claim of privilege or immunity by notifying the Producing Party of its challenge within ten (10) business days of receiving the notice, and by presenting the information to the Court under seal for a determination of the claim within seventeen (17) business days of receiving the notice. As stated, such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the production.

(d) If the Producing Party prevails on its privilege or immunity claim, the Receiving Party shall promptly return or destroy the Protected Information and all copies or reproductions thereof of which it is aware and shall delete all references to or descriptions of the privileged information contained in any written materials.

(e) Once Protected Information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for potential use at trial, including in discovery responses, or otherwise Disclosed to the Court, the Producing Party has thirty (30) calendar days from the date of disclosure to provide notice of

the production.  Notwithstanding any other provision of this protective order, failure to provide notice within this thirty-day period shall constitute a waiver of any and all applicable privileges and immunities only with respect to the Protected Information actually produced.

56.     Inadvertent production of Restricted Information without designation as Restricted Information or production of information misdesignating such Produced Material does not waive its status as Restricted Information provided that a written request for reclassification of the material is made promptly after the Producing Party learns of its inadvertent misdesignation.  Disclosure by the Receiving Party of such material prior to receipt of such notice shall not be deemed a violation of this Protective Order; however, those persons to whom such Disclosure was made are to be advised promptly that the Disclosed material is Restricted Information and must be treated in accordance with this Protective Order. To the extent such document, thing or information may have been Disclosed to persons who would not be authorized to receive it under this Protective Order, the Receiving Party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to prevent any further disclosure to non-authorized persons.  To the extent that a redesignation will prejudice the Receiving Party, the Receiving Party may seek relief by application to this Court.

57.     If any Restricted Information is Disclosed to any person other than those entitled to Disclosure in the manner authorized by this Protective Order, the party responsible for the Disclosure shall, immediately upon learning of such disclosure, inform the Producing Party in writing of all pertinent facts relating to such Disclosure, retrieve all information that has been Disclosed without authorization, and make every effort to prevent further Disclosure by the unauthorized person(s).  A party shall not be required to disclose any privileged or

immune communications or waive any privilege or immunity to comply with the terms of this paragraph.

## **FILING OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**

58.     A party that seeks to file under seal any Restricted Information shall comply with Central District of California L.R. 79-5.

59.     Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this Action any document that reveals any Restricted Information.

60.     Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain Restricted Information.  Upon the failure of the filing party properly to designate information as Restricted Information, any party who in good faith believes the designation and filing under seal is required may move the Court to file said information under seal within five (5) days of learning of the defective filing.  Notice of such designation shall be given to all parties.  Nothing in this provision relieves a party of its responsibility obtain leave of court for each document containing Restricted Information that is required to be filed under seal and any injury relating to a party's failure to do so.

61.     The parties should endeavor in good faith to provide, when practicable, advance notice to the Court and other parties when they intend to use Restricted Information in court proceedings.

## **OBJECTIONS**

62.     A party may challenge the propriety of any designation under this Protective Order at any time, including a challenge of the propriety of a designation of information subject to an exception shown in Paragraph 66.  A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity (*e.g.*, the specific document name/title, page number, and

objected to paragraph) the Restricted Information as to which the designation is challenged and state with particularity the basis for each challenge ("Notice of Objection").

63. The challenged material shall be deemed de-designated ten (10) business days after service of a Notice of Objection unless the Producing Party has served a response to the Notice of Objection setting forth the legal and/or factual grounds upon which the Producing Party believes that the materials contain Restricted Information. The parties shall meet and confer. If an accord cannot be reached, the objecting party may bring a motion to change the designation. It shall be the burden of the Producing Party under such circumstances to establish that the information so designated is properly Restricted Information within the meaning of this Protective Order. Upon the timely filing of such a motion by the objecting party, the original designations shall remain in effect during the pendency of the motion until ten (10) business days after service of notice of entry of such an order. The Producing Party may also file a brief on the matter in addition to the original response to the objection.

64. The parties shall meet and confer in good faith prior to the filing of any motion under this section.

65. A challenge to a designation made by a non-party may be made by serving a Notice of Objection on the non-party by email or U.S. mail. In the event that a party deems it necessary to Disclose any Restricted Information of a non-party to any person or category of persons not specified herein, the party contemplating such a disclosure shall first negotiate with the other parties and the non-party in good faith over appropriate terms and conditions, if any, for such Disclosure. If such negotiations prove unsuccessful, the party seeking Disclosure beyond the scope of this Protective Order may apply to the Court for relief from the Protective Order for good cause shown, with the non-party being provided notice and an opportunity to be heard.

## EXCEPTIONS

66.     This Protective Order shall not apply to:

    (a)    information that, at the time of disclosure, is available to the public;

    (b)    information that, after disclosure, becomes available to the public through no act, or failure to act, on behalf of the Receiving Party, its counsel or independent consultant; and

    (c)    information which the Receiving Party, its counsel or independent consultants can show (i) as a matter of written record was already known to the Receiving Party from legitimate sources, (ii) as a matter of written record was independently developed by the Receiving Party, (iii) was obtained from the Producing Party without having been identified as Restricted Information, or (iv) was received after the time of disclosure hereunder from a non-party having the right to make such disclosure and was not required to be held in confidence.

## CLIENT COMMUNICATION

67.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Restricted Information.  In rendering such advice and otherwise communicating with the client, however, counsel shall not Disclose any Restricted Information, except as otherwise permitted by this Protective Order.

## OTHER PROCEEDINGS

68.     In the event that any Receiving Party having possession, custody, or control of any Restricted Information of another party is served with a subpoena or other judicial process demanding the production or disclosure of any such Restricted Information, the Receiving Party shall provide the Producing Party with a copy of

the subpoena or other judicial process within seven (7) calendar days and shall cooperate with the parties in any reasonable effort to prevent the production or disclosure of Restricted Information. The Producing Party asserting the Restricted designation shall have the burden of defending against such subpoena, process, or order. The Receiving Party shall be entitled to comply with the subpoena, process, or order, except to the extent the Producing Party asserting the Restricted designation has promptly notified the Receiving Party of its intent to take immediate legal action to quash the subpoena, in which case the Receiving Party shall not produce such documents while such legal proceedings are pending or the Producing Party is successful in obtaining an order modifying or quashing the subpoena or other process or order. In no event shall the Receiving Party be required to violate a Court Order.

## **MISCELLANEOUS**

69.     Neither party shall be entitled to discovery related to communications, information, or documents exchanged between a party and/or its outside counsel of record and its experts or consultants, or to drafts of reports prepared by experts or consultants or the work product of an expert or consultant, except to the extent that such communications, information, or documents are relied upon by the expert or consultant or form the basis of an expert's opinion as set forth in the expert's final report. Such protections provided in the preceding sentence are to construed to be in addition to, and shall not diminish the protections provided in FED. R. CIV. P. 26(b)(3-4).

70.     This Protective Order shall not diminish any existing obligation or right with respect to Restricted Information, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure takes place.

71.     The fact that any Produced Material is designated or not designated as Restricted Information shall not be admissible for any purposes during any

proceedings on the merits of this Action, including whether or not such material is confidential or proprietary.

72.     The parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer before seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court. Parties entering into this Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Protective Order.

73.     This Protective Order shall survive termination of this Action. Upon final termination of the Action, including appeals and retrials, and at the written request of the Producing Party, all Restricted Information shall be returned to counsel for the Producing Party. Such Restricted Information shall either be returned at the expense of the Producing Party or, at the option and expense of the Producing Party, destroyed. Upon request for the return or destruction of Restricted Information, Counsel shall certify their compliance with this provision and shall deliver such certification to Counsel for the Producing Party not more than thirty (30) calendar days after the written request to return or destroy Restricted Information.

74.     Notwithstanding the provisions for return or destruction of Restricted Information, Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Restricted Information for archival purposes.

75.     This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

76.     The Court retains jurisdiction for one (1) year after final termination of this Action, including appeals and retrials, to make such amendments, modifications,

deletions and additions to this Protective Order as it may from time to time deem appropriate.

77.     This stipulation shall be binding to the parties when signed until the Court enters a Protective Order.

78.     This Protective Order will remain in full force and effect unless modified by an order of this Court or by the entry of any written stipulation of the parties hereto filed with the Court.  Without limiting the foregoing, this Protective Order shall survive the final conclusion of this Action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action.

**IT IS SO STIPULATED:**

Dated:     May 12, 2011                    SIDLEY AUSTIN LLP

                                           By:  /s/ Paul D. Tripodi II
                                                Edward G. Poplawski, SBN 113590
                                                epoplawski@sidley.com
                                                Paul D. Tripodi II, SBN 162380
                                                ptripodi@sidley.com
                                                Geoffrey R. Beatty, SBN 268461
                                                gbeatty@sidley.com

                                           Attorneys for IGT

Dated:     May 12, 2011                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

                                           By:  /s/ Jennifer A. Kash
                                                Charles K. Verhoeven, SBN 170151
                                                charlesverhoeven@quinnemanuel.com
                                                Jennifer A. Kash, SBN 203679
                                                jenniferkash@quinnemanual.com
                                                Rory S. Miller, SBN 238780
                                                rorymiller@quinnemanual.com

                                           Attorneys for Defendants Aristocrat
                                           Technologies, Inc. and Aristocrat
                                           Leisure Ltd.

**IT IS SO ORDERED:**

                                           MARC L. GOLDMAN

Dated:   May 13, 2011_____     By: _____
                                          United States Magistrate Judge

# APPENDIX A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, state that:

1.    My home address is _____

_____ .

2.    My present employer is _____

_____ .

3.    My present occupation or job description is _____

_____

_____ .

4.    I am not working or consulting for any party in the above-captioned lawsuit, except as follows: _____

_____

_____

_____ .

5.    I have received a copy of the Stipulated Protective Order Governing Confidentiality (the "Protective Order") in IGT v. Aristocrat Technologies, Inc., et al., Case No. SACV 10-1748 JVS (MLGx). I have carefully read and understand the provisions of the Protective Order, a copy of which is appended hereto.

6.    Counsel for _____ has explained to me my obligations under the Protective Order.

7.    I will comply with all of the provisions of the Protective Order.

8.    I will advise any necessary assistant of mine if authorized to receive Restricted Information under this Protective Order on the nature of any Restricted Information which I Disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

9. Upon completion of my work, I will return all Restricted Information which comes into my possession to counsel for the party by whom I am employed or retained.

10. I further acknowledge that any failure to comply with the Protective Order may be punishable as contempt of Court and/or give rise to a claim against me by the party or parties who designated the information as Restricted Information.

11. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this "Agreement to be Bound by Protective Order" pursuant to the Protective Order. If my primary residence is outside the United States, I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Protective Order. The appointment of _____ [print or type full name] as my California agent for service of process shall terminate at the time this Action concludes.

12. I declare that all statements made herein are true and correct and understand that any willful false statement is punishable by fine and/or imprisonment.

Executed on _____ at _____ .

_____
Signature

_____
Name (typed / printed)

## APPENDIX B

## CLIENT REPRESENTATIVES DESIGNATED

## PURSUANT TO THE PROTECTIVE ORDER

| IGT | Aristocrat |
|---|---|
| Robert C. Melendres | Kieran Power |
| T. Rao Coca | Jenny Hatton Mahon |
| Terrence W. McMillin | |
| | |
| | |
| | |

# **APPENDIX C**

# **CONSENT FORM FOR MOCK JURORS AND FOCUS GROUP MEMBERS**

I am here to participate in a research study that involves evaluation, analysis, and decisions about important issues. I understand that the materials, methods and other information to which I will have access are **Highly Confidential**.

In participating in this research session, I agree to the following:

- I understand that all information and proceedings related to this activity are privileged and confidential. This means that I agree that I will not discuss the subject of this research or any details or facts shown to me, with anyone, including my family and friends

- I will not disclose any information learned during this study to anyone.

- I will return any documents or things provided to me at the conclusion of this study.

- I will return any written notes I make or have in connection with this study.

- I will not take any documents or things provided to me.

- **I agree that I will not discuss anything I hear, see, or say about this study with anyone outside this research study.**

- I understand that if I violate this agreement to keep all information confidential, I may be held personally responsible in a court of law and required to pay damages.

SIGNATURE _____ DATE: _____

PRINT FULL NAME _____

ADDRESS_____

CITY, STATE AND ZIP CODE _____

PHONE NUMBER, INCLUDING AREA CODE_____